## ** Transmit Conf.Report **

P.1

Jul 9 2014 07:41am

EBR CLERK OF COURT    Fax 2253893392

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 93837773 | Normal | 09:07:41am | 0'16" | 1 | # O K | |



## DOUG WELBORN
### CLERK OF COURT

19TH JUDICIAL DISTRICT
PARISH OF EAST BATON ROUGE

Suit Accounting Department
P. O. Box 1991
Baton Rouge, LA 70821-1991
Telephone: (225) 389-3982
Fax: (225)389-3392
www.ebrclerkofcourt.org

### FAX RECEIPT

FROM:    SUIT ACCOUNTING DEPARTMENT      DATE:   7-8-14

FAX NUMBER: (225) 389-3392      SUIT NO.: 631877

TO: J. ARTHUR SMITH, III      SECTION: 26

LISA PIKE      vs   OFFICE OF ALCOHOL & TOBACCO CONTROL, ET

Item(s) Received: PETITION FOR DAMAGES

Amount Due (includes $5.00 fax fee)      $ 800.00

The Clerk of Court's office has received, by facsimile transmission, documents in the above referenced case.
It has been filed as of this date. In accordance with R.S. 13:850 (B), the original and applicable fees should be
forwarded to this office within seven (7) days.

In accordance with 13:850 (B) (3), a transmission fee of $5.00 should be forwarded to the Clerk of Court with
the original document. The fax filing fee is necessary even if filing in forma pauperis.

**NO FURTHER ACTION WILL BE TAKEN WITH THIS DOCUMENT
UNTIL THE ORIGINAL AND NECESSARY FILING FEES ARE RECEIVED
IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX-
ISSUANCE BY ORIGINAL REQUESTS ONLY!**

**PLEASE ATTACH THIS RECEIPT TO YOUR ORIGINAL.
IF FILING IN PERSON, NOTIFY FILING CLERK OF PREVIOUS FAX.**

Deputy Clerk of Court for
Doug Welborn, Clerk of Court
D. BECNEL
(Type Name)


EBR2422122

s. form #6


EXHIBIT
A



# DOUG WELBORN
## CLERK OF COURT

### 19TH JUDICIAL DISTRICT
### PARISH OF EAST BATON ROUGE

Suit Accounting Department
P. O. Box 1991
Baton Rouge, LA 70821-1991
Telephone: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

**FROM:**   **SUIT ACCOUNTING DEPARTMENT**          **DATE:**   7-8-14

**FAX NUMBER: (225) 389-3392**                      **SUIT NO.: 631877**

**TO: J. ARTHUR SMITH, III**                        **SECTION: 26**

**LISA PIKE**                          **vs   OFFICE OF ALCOHOL & TOBACCO CONTROL, ET**

Item(s) Received: PETITION FOR DAMAGES

Amount Due (includes $5.00 fax fee)          $ 800.00

The Clerk of Court's office has received, by facsimile transmission, documents in the above referenced case. It has been filed as of this date. In accordance with R.S. 13:850 (B), the original and applicable fees should be forwarded to this office within seven (7) days.

In accordance with 13:850 (B) (3), a transmission fee of $5.00 should be forwarded to the Clerk of Court with the original document. The fax filing fee is necessary even if filing in forma pauperis.

### NO FURTHER ACTION WILL BE TAKEN WITH THIS DOCUMENT
### UNTIL THE ORIGINAL AND NECESSARY FILING FEES ARE RECEIVED
### IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX-
### ISSUANCE BY ORIGINAL REQUESTS ONLY!

### PLEASE ATTACH THIS RECEIPT TO YOUR ORIGINAL.
### IF FILING IN PERSON, NOTIFY FILING CLERK OF PREVIOUS FAX.

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*
D. BECNEL
*(Type Name)*

Suit Accounting Dept. Form #6
Rev. 08/15/12

# DOUG WELBORN

## CLERK OF COURT

### 19TH JUDICIAL DISTRICT
### PARISH OF EAST BATON ROUGE

Suit Accounting Department
P. O. Box 1991
Baton Rouge, LA 70821-1991
Telephone: (225) 389-3982
Fax: (225)389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

**FROM:**    **SUIT ACCOUNTING DEPARTMENT**           **DATE:**    **7-8-14**

**FAX NUMBER:  (225) 389-3392**                       **SUIT NO.:** **631877**

**TO: J. ARTHUR SMITH, III**                          **SECTION: 26**

**LISA PIKE**                              **vs  OFFICE OF ALCOHOL & TOBACCO CONTROL, ET**

Item(s) Received:  PETITION FOR DAMAGES

Amount Due (includes $5.00 fax fee)          $ 800.00

The Clerk of Court's office has received, by facsimile transmission, documents in the above referenced case. It has been filed as of this date. In accordance with R.S. 13:850 (B), the original and applicable fees should be forwarded to this office within seven (7) days.

In accordance with 13:850 (B) (3), a transmission fee of $5.00 should be forwarded to the Clerk of Court with the original document. The fax filing fee is necessary even if filing in forma pauperis.

### NO FURTHER ACTION WILL BE TAKEN WITH THIS DOCUMENT
### UNTIL THE ORIGINAL AND NECESSARY FILING FEES ARE RECEIVED
### IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX-
### ISSUANCE BY ORIGINAL REQUESTS ONLY!

### PLEASE ATTACH THIS RECEIPT TO YOUR ORIGINAL.
### IF FILING IN PERSON, NOTIFY FILING CLERK OF PREVIOUS FAX.

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*
D. BECNEL
*(Type Name)*

Suit Accounting Dept. Form #6
Rev. 08/15/12

East Baton Rouge Parish Clerk of Court   J ARTHUR SMITH LAW FIRM        No. 2387   P. 1        Page 4 of 11

# SMITH LAW FIRM

J. ARTHUR SMITH, III
ADRIENNE RACHEL
J. MURPHY DELAUNE

830 NORTH STREET
BATON ROUGE, LOUISIANA 70802

TELEPHONE (225) 383-7716
FACSIMILE (225) 383-7773
TOLL FREE (877) 313-7716

## FACSIMILE COVER SHEET

### JULY 8, 2014

**TO:**  Clerk of Court, 19th JDC

**FAX NO.:**  225 - 289 - 3392

**FROM:**  Arthur Smith, Law clerk

***RE:***  ***Lisa D. Pike v. Office of Alcohol & Tobacco Control***
***Petition for damages***
11-49

TOTAL PAGES, <u>INCLUDING</u> COVERSHEET:  8

ORIGINAL:  /__/ WILL BE MAILED        /✓/ WILL NOT BE MAILED

COMMENTS:

Dear Sir/Madam:

Please find attached a copy of the petition for damages in the above matter which we are today filing with the Court. Please advise of the total cost for filing and we will promptly remit payment and file the original petition with your office. If you have any questions, please call me.

Thanks.

Arthur Smith

CONFIDENTIALITY NOTICE

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents. PLEASE CALL US IMMEDIATELY AT (225) 383-7716 IF THE FACSIMILE YOU RECEIVE IS INCOMPLETE, ILLEGIBLE, OR HAS BEEN SENT TO YOU IN ERROR.

631877 -26

| | | |
|---|---|---|
| LISA D. PIKE | * | NO.: _____ DIV.: _____ |
| | * | |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| | * | |
| OFFICE OF ALCOHOL AND TOBACCO | * | PARISH OF EAST BATON ROUGE |
| CONTROL OF THE LOUISIANA | * | |
| DEPARTMENT OF REVENUE | * | STATE OF LOUISIANA |

**********************************************************************

## PETITION FOR DAMAGES

The petition of Lisa Pike, a person of full age of majority and a resident of the City of Baker, Parish of East Baton Rouge, State of Louisiana represents as follows:

1.

Named Defendant herein is **Office of Alcohol and Tobacco Control of the Louisiana Department of Revenue**, an agency of the State of Louisiana (hereinafter sometimes "ATC"), Plaintiff's former employer.

2.

The Plaintiff is seeking declaratory and injunctive relief and compensatory damages.

3.

As more specifically set forth below, the Plaintiff has been subjected to retaliation and harassment in the terms and conditions of her employment on the basis of her disability.

4.

The actions of the Defendant described herein constitute violations of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq*, more specifically 42 U.S.C. §§ 12112 and 12203.

5.

The State of Louisiana has waived its sovereign immunity to suit in contract and tort. La. Const. Art. XII, § 10(A). This action raises violations that arise under both tort and contract.

6.

This Court has subject matter jurisdiction pursuant to La. Const. Art. V, § 6(A).

## STATEMENT OF FACTS

7.

The Plaintiff was employed by the Louisiana Department of Revenue for approximately sixteen (16) years prior to her termination on about October 13, 2011. She had been transferred to the Office of Alcohol and Tobacco Control effective January 18, 2010.

1

East Baton Rouge Parish Clerk of Court   SMITH LAW FIRM   No. 2387   P. 5

8.

Prior to the events described herein below, the Plaintiff had an unblemished work record and at all times relevant hereto was a faithful, diligent and conscientious employee of the Defendant.

9.

At all times relevant hereto, the Plaintiff was a disabled individual within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 1202(1)(A) because she suffered from adjustment disorder with mixed anxiety and depressed mood.

10.

At all times relevant hereto, the Plaintiff's health conditions substantially limited her major life activities of thinking, concentrating, and working.

11.

At all times relevant hereto, the Plaintiff was also a qualified individual as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(8) as she had successfully performed her duties as an Administrative Assistant for one (1) year and nine (9) months.

12.

At all times relevant hereto, the Defendant had knowledge of the Plaintiff's disabilities and was aware of the nature and extent of the Plaintiff's disabilities and her limitations.

13.

The Plaintiff made several and repeated requests for reasonable accommodations to the Defendant.

14.

Despite repeated requests, the Defendant refused to participate in an interactive process as required by the ADA to determine the appropriateness of the accommodations which had been requested by the plaintiff. The Plaintiff alleges that the Defendant was in bad faith for refusing to engage in an interactive process as required by law.

15.

The Plaintiff consistently reiterated the need for these requested accommodations.

16.

The Defendant's refusal to provide the requested reasonable accommodations caused the Plaintiff's conditions to worsen.

2

JR SMITH LAW FIRM 8 2015 0330 No. 2387 P. 4

17.

The Plaintiff was also harassed on the basis of her disability and subjected to a hostile work environment in retaliation for requesting reasonable accommodations, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12203(a).

18.

The Plaintiff filed charges of discrimination on August 27, 2010 (charge no.: 27A-2010-00048) and March 2, 2012 (charge no.: 461-2012-00800) against the Defendant with the Equal Employment Opportunity Commission ("EEOC"), claiming that the Defendant violated the ADA.

19.

Instead of accommodating the Plaintiff's disability, Troy Hebert, the Commissioner of the Office of Alcohol and Tobacco Control, chose to initiate a pattern of disability-based harassment designed to effectively force the Plaintiff to resign from her position or to cast her in a false light for the purpose of terminating the Plaintiff because of her disability.

20.

Since the Plaintiff filed her original charge of discrimination on August 27, 2010, the Defendant continued to violate the ADA by retaliating against the Plaintiff and Troy Hebert intensified his harassment of the Plaintiff. This caused worsening of the Plaintiff's symptoms of anxiety and depression and thus deliberately set up the Plaintiff to make mistakes while doing her job.

21.

The Defendant's disability- based harassment and retaliation consisted of, but was not limited to the following series of events

A. 8/16/10  Plaintiff approved for leave pursuant to the Family Medical Leave Act ("FMLA") by her treating internist, Dr. Mark Mouton, based on work related stress, anxiety and insomnia

B. 8/23/10  Plaintiff returned to work at ATC as an Administrative Assistant 6 under the interim Commissioner, Mr. Brant Thompson, after Mr. Murphy Painter left his position as ATC Commissioner.

C. 9/1/10  Commissioner Brant Thompson gave Ms. Pike a "solid sustained performance" evaluation.

3

D.  11/24/10   Troy Hebert was appointed as the new ATC Commissioner; shortly after Troy Hebert assumed the commissioner position, he became aware of the plaintiff's disability conditions

E.  1/18/11   Defendant ATC made arbitrary changes in plaintiff's work duties, as opposed to the duties of the Administrative Assistant 6 position. These changes included but were not limited to having plaintiff update applications for permitting, working in the Enforcement Section, performing menial tasks and other tasks outside of the responsibility of an Administrative Assistant 6.

F.  6/1/11   Defendant instituted a bogus "layoff plan" to target and effectively get rid of the plaintiff and other certain employees.

G.  6/1/11   As a result of Troy Hebert's layoff plan, and instead of being terminated, plaintiff took a demotion to Administrative 3 position, thus costing her substantial amounts of money each month

H.  7/13/11   Mr. Hebert transmitted a letter to the Plaintiff – requiring that she provide weekly statements about her medical condition from her doctor

I.  7/15/11   Plaintiff's doctor, Dr. Mouton, issued a work excuse- that plaintiff was under his care from 7/11/11 to 7/19/11 and could thereafter return to work

J.  7/19/11   Dr. Mouton issued a second doctor's excuse- that Ms. Pike was again under his care, being followed monthly, and that he was unable to provide her employer with weekly updates

K.  7/21/11   Ms. Pike faxed a statement from her doctor to Troy Hebert

L.  7/29/11   Troy Hebert transmitted a letter to the Plaintiff- placing her on leave without pay effective 7/21/11 because the Plaintiff and/or her doctor did not provide weekly statements verifying the cause of her absence from work

M.  8/10/11   Troy Hebert transmitted another letter to the Plaintiff- again placing her on leave without pay, effective 8/1/11 because the Plaintiff and/or her doctor did not provide weekly statements regarding her medical condition.

N.  8/12/11   The Plaintiff emailed weekly updated statements to ATC

O.  8/15/11   The Plaintiff emailed Troy Hebert with statements from her doctor

P.  8/25/11   Troy Hebert issued the Plaintiff a letter- that three day suspension for insubordination was being considered- because plaintiff and/or her doctor did not or would not submit weekly updates on her medical condition

Q.  9/19/11   Troy Hebert suspended plaintiff for three (3) days effective 10/3/11- 10/5/11

R.  10/10/11   Plaintiff wrote to Troy Hebert stating her intention and ability to return to work at the Office of Alcohol & Tobacco Control as an Administrative Assistant 3, provided significant changes would be made in her work environment, as stated in a second FMLA opinion report issued regarding plaintiff's medical condition.

4

S.  10/13/11  Troy Hebert terminated the Plaintiff because of her disability even
though the plaintiff was fully capable of performing the essential
functions of her position, with reasonable accommodations.

22.

The Defendant violated the Plaintiff's legally protected rights under in the following non-exclusive ways:

    A.  Refusing the Plaintiff's requests for accommodations;

    B.  Retaliating against the Plaintiff for requesting accommodations;

    C.  Retaliating against the Plaintiff for filing a charge of discrimination with the
E.E.O.C.;

    D.  Refusing to participate in an interactive process with the Plaintiff as required by
law.

    E.  Terminating the Plaintiff because of her disability and in retaliation for
requesting accommodations and filing charges of discrimination with the
E.E.O.C.

23.

The Plaintiff received a right to sue notice from the United States Department of Justice in regards to EEOC charge number 461-2012-00800 within a few days after April 9, 2014 and has timely filed this petition within ninety (90) days of said receipt.  Similarly, the Defendant received written notice thirty (30) days prior to the filing of this action when it was notified of the Plaintiff's EEOC charge of discrimination, as required by La. Rev. Stat. 23:303(C).

## CAUSES OF ACTION

### COUNT I

24.

The Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 23 above as if fully incorporated herein.

25.

The Defendant's actions constitute unlawful disability discrimination, disability-based harassment and retaliation in violation of the ADA, 42 U.S.C. §§ 12112 and 12203.

26.

The series of adverse actions has caused and will continue to cause significant mental and emotional anguish and distress to the Plaintiff.

5

27.

The Defendant's unlawful termination caused the Plaintiff to lose her career with the Louisiana Department of Revenue.

## COUNT II

28.

The Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 28 above as if fully incorporated herein.

29.

The Defendant's constitute unlawful disability discrimination, disability-based harassment and retaliation in violation of La. R.S. 23:323 (A) and La. R.S. 23:323 (B) (1) and (2).

## DAMAGES

30.

The Defendant's actions have caused the Plaintiff to suffer substantial past, present, and future wage loss, and loss of earnings capacity, loss of enjoyment of her personal and professional lives, damage to her personal and professional reputations, and mental and emotional anguish and distress.

## JURY DEMAND

31.

The Plaintiff respectfully demands a trial by jury on all issues.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF, LISA D. PIKE, RESPECTFULLY PRAYS** for judgment against the Defendant Office of Alcohol and Tobacco Control of the Louisiana Department of Revenue as follows:

a.  For a declaratory judgment finding that the defendant, because of the actions described hereinabove, violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* more specifically 42 U.S.C. §§ 12112 and 12203 and La. R.S. 23:323(A) and La. R.S. 23:323 (B) (1) and (2);

b.  That the Plaintiff be reinstated as an employee of the Defendant in the same or similar position with the same or similar pay and benefits to that from which she was wrongfully terminated or be awarded front pay with the restoration of full seniority rights and all other benefits retroactive to the date of discharge;

6

c. That the Plaintiff be awarded all wages, salary, fringe benefits, and other compensation lost as a result of defendant's unlawful conduct in an amount to be determined by the jury;

d. Ordering the Defendant to pay unto the Plaintiff such compensatory damages as are determined by the jury;

e. That the Plaintiff be awarded reasonable attorney's fees, litigation expenses and costs;

f. That the Plaintiff be awarded other and further relief as the Court deems just and appropriate.

Respectfully submitted;

SMITH LAW FIRM

J. Arthur Smith, III (La. Bar 07730)
830 North Street
Baton Rouge, Louisiana 70802
Telephone: (225) 383-7716
Facsimile: (225) 383-7773
Email: jasmith@jarthursmith.com
*Counsel for Plaintiff, Lisa D. Pike*

**PLEASE SERVE:**

**Office of Alcohol and Tobacco Control**
**Louisiana Department of Revenue**
*through*
*Louisiana Attorney General's Office*
Hon. James "Buddy" D. Caldwell
Litigation Division
1885 North 3rd St.
Baton Rouge, LA 70802

-and-

Tim Barfield, Secretary
Louisiana Department of Revenue
617 North Third Street
Baton Rouge, LA 70802-5428

# FILED

JUL - 8 2014

DEPUTY CLERK OF COURT      7

631877   **SEC. 26**

| | |
|---|---|
| LISA D. PIKE | * NO.: _____ DIV.: |
| | * |
| VERSUS | * 19TH JUDICIAL DISTRICT COURT |
| | * |
| OFFICE OF ALCOHOL AND TOBACCO | * PARISH OF EAST BATON ROUGE |
| CONTROL OF THE LOUISIANA | * |
| DEPARTMENT OF REVENUE | * STATE OF LOUISIANA |

COST OK Amt. 805

JUL 09 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BY c#6127 so

OY CLERK OF COURT

## PETITION FOR DAMAGES

The petition of Lisa Pike, a person of full age of majority and a resident of the City of

Baker, Parish of East Baton Rouge, State of Louisiana represents as follows:

1.

Named Defendant herein is **Office of Alcohol and Tobacco Control of the Louisiana**

**Department of Revenue**, an agency of the State of Louisiana (hereinafter sometimes "ATC"),

Plaintiff's former employer.

2.

The Plaintiff is seeking declaratory and injunctive relief and compensatory damages.

3.

As more specifically set forth below, the Plaintiff has been subjected to retaliation and

harassment in the terms and conditions of her employment on the basis of her disability.

4.

The actions of the Defendant described herein constitute violations of the Americans with

Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq*, more specifically 42 U.S.C. §§ 12112 and

12203.

5.

The State of Louisiana has waived its sovereign immunity to suit in contract and tort. La.

Const. Art. XII, § 10(A).  This action raises violations that arise under both tort and contract.

6.

This Court has subject matter jurisdiction pursuant to La. Const. Art. V, § 6(A).

## STATEMENT OF FACTS

7.

The Plaintiff was employed by the Louisiana Department of Revenue for approximately

sixteen (16) years prior to her termination on about October 13, 2011.  She had been transferred

to the Office of Alcohol and Tobacco Control effective January 18, 2010.

EBR2418497

1

**FAX COPY FILED** 7-8-14
**ORIGINAL FILED** 7-9-14

8.

Prior to the events described herein below, the Plaintiff had an unblemished work record and at all times relevant hereto was a faithful, diligent and conscientious employee of the Defendant.

9.

At all times relevant hereto, the Plaintiff was a disabled individual within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 1202(1)(A) because she suffered from adjustment disorder with mixed anxiety and depressed mood.

10.

At all times relevant hereto, the Plaintiff's health conditions substantially limited her major life activities of thinking, concentrating, and working.

11.

At all times relevant hereto, the Plaintiff was also a qualified individual as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(8) as she had successfully performed her duties as an Administrative Assistant for one (1) year and nine (9) months.

12.

At all times relevant hereto, the Defendant had knowledge of the Plaintiff's disabilities and was aware of the nature and extent of the Plaintiff's disabilities and her limitations.

13.

The Plaintiff made several and repeated requests for reasonable accommodations to the Defendant.

14.

Despite repeated requests, the Defendant refused to participate in an interactive process as required by the ADA to determine the appropriateness of the accommodations which had been requested by the plaintiff. The Plaintiff alleges that the Defendant was in bad faith for refusing to engage in an interactive process as required by law.

15.

The Plaintiff consistently reiterated the need for these requested accommodations.

16.

The Defendant's refusal to provide the requested reasonable accommodations caused the Plaintiff's conditions to worsen.

17.

The Plaintiff was also harassed on the basis of her disability and subjected to a hostile work environment in retaliation for requesting reasonable accommodations, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12203(a).

18.

The Plaintiff filed charges of discrimination on August 27, 2010 (charge no.: 27A-2010-00048) and March 2, 2012 (charge no.: 461-2012-00800) against the Defendant with the Equal Employment Opportunity Commission ("EEOC"), claiming that the Defendant violated the ADA.

19.

Instead of accommodating the Plaintiff's disability, Troy Hebert, the Commissioner of the Office of Alcohol and Tobacco Control, chose to initiate a pattern of disability-based harassment designed to effectively force the Plaintiff to resign from her position or to cast her in a false light for the purpose of terminating the Plaintiff because of her disability.

20.

Since the Plaintiff filed her original charge of discrimination on August 27, 2010, the Defendant continued to violate the ADA by retaliating against the Plaintiff and Troy Hebert intensified his harassment of the Plaintiff. This caused worsening of the Plaintiff's symptoms of anxiety and depression and thus deliberately set up the Plaintiff to make mistakes while doing her job.

21.

The Defendant's disability- based harassment and retaliation consisted of, but was not limited to the following series of events

A. 8/16/10   Plaintiff approved for leave pursuant to the Family Medical Leave Act ("FMLA") by her treating internist, Dr. Mark Mouton, based on work related stress, anxiety and insomnia

B. 8/23/10   Plaintiff returned to work at ATC as an Administrative Assistant 6 under the interim Commissioner, Mr. Brant Thompson, after Mr. Murphy Painter left his position as ATC Commissioner.

C. 9/1/10   Commissioner Brant Thompson gave Ms. Pike a "solid sustained performance" evaluation.

3

D. 11/24/10   Troy Hebert was appointed as the new ATC Commissioner; shortly after Troy Hebert assumed the commissioner position, he became aware of the plaintiff's disability conditions

E. 1/18/11   Defendant ATC made arbitrary changes in plaintiff's work duties, as opposed to the duties of the Administrative Assistant 6 position. These changes included but were not limited to having plaintiff update applications for permitting, working in the Enforcement Section, performing menial tasks and other tasks outside of the responsibility of an Administrative Assistant 6.

F. 6/1/11   Defendant instituted a bogus "layoff plan" to target and effectively get rid of the plaintiff and other certain employees.

G. 6/1/11   As a result of Troy Hebert's layoff plan, and instead of being terminated, plaintiff took a demotion to Administrative 3 position, thus costing her substantial amounts of money each month

H. 7/13/11   Mr. Hebert transmitted a letter to the Plaintiff – requiring that she provide weekly statements about her medical condition from her doctor

I. 7/15/11   Plaintiff's doctor, Dr. Mouton, issued a work excuse- that plaintiff was under his care from 7/11/11 to 7/19/11 and could thereafter return to work

J. 7/19/11   Dr. Mouton issued a second doctor's excuse- that Ms. Pike was again under his care, being followed monthly, and that he was unable to provide her employer with weekly updates

K. 7/21/11   Ms. Pike faxed a statement from her doctor to Troy Hebert

L. 7/29/11   Troy Hebert transmitted a letter to the Plaintiff- placing her on leave without pay effective 7/21/11 because the Plaintiff and/or her doctor did not provide weekly statements verifying the cause of her absence from work

M. 8/10/11   Troy Hebert transmitted another letter to the Plaintiff- again placing her on leave without pay, effective 8/1/11 because the Plaintiff and/or her doctor did not provide weekly statements regarding her medical condition.

N. 8/12/11   The Plaintiff emailed weekly updated statements to ATC

O. 8/15/11   The Plaintiff emailed Troy Hebert with statements from her doctor

P. 8/25/11   Troy Hebert issued the Plaintiff a letter- that three day suspension for insubordination was being considered- because plaintiff and/or her doctor did not or would not submit weekly updates on her medical condition

Q. 9/19/11   Troy Hebert suspended plaintiff for three (3) days effective 10/3/11- 10/5/11

R. 10/10/11   Plaintiff wrote to Troy Hebert stating her intention and ability to return to work at the Office of Alcohol & Tobacco Control as an Administrative Assistant 3, provided significant changes would be made in her work environment, as stated in a second FMLA opinion report issued regarding plaintiff's medical condition.

4

S.  10/13/11  Troy Hebert terminated the Plaintiff because of her disability even
though the plaintiff was fully capable of performing the essential
functions of her position, with reasonable accommodations.

22.

The Defendant violated the Plaintiff's legally protected rights under in the following non-exclusive ways:

A.  Refusing the Plaintiff's requests for accommodations;

B.  Retaliating against the Plaintiff for requesting accommodations;

C.  Retaliating against the Plaintiff for filing a charge of discrimination with the E.E.O.C.;

D.  Refusing to participate in an interactive process with the Plaintiff as required by law.

E.  Terminating the Plaintiff because of her disability and in retaliation for requesting accommodations and filing charges of discrimination with the E.E.O.C.

23.

The Plaintiff received a right to sue notice from the United States Department of Justice in regards to EEOC charge number 461-2012-00800 within a few days after April 9, 2014 and has timely filed this petition within ninety (90) days of said receipt.  Similarly, the Defendant received written notice thirty (30) days prior to the filing of this action when it was notified of the Plaintiff's EEOC charge of discrimination, as required by La. Rev. Stat. 23:303(C).

## CAUSES OF ACTION

### COUNT I

24.

The Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 23 above as if fully incorporated herein.

25.

The Defendant's actions constitute unlawful disability discrimination, disability-based harassment and retaliation in violation of the ADA, 42 U.S.C. §§ 12112 and 12203.

26.

The series of adverse actions has caused and will continue to cause significant mental and emotional anguish and distress to the Plaintiff.

5

27.

The Defendant's unlawful termination caused the Plaintiff to lose her career with the Louisiana Department of Revenue.

## COUNT II

28.

The Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 28 above as if fully incorporated herein.

29.

The Defendant's constitute unlawful disability discrimination, disability-based harassment and retaliation in violation of La. R.S. 23:323 (A) and La. R.S. 23:323 (B) (1) and (2).

## DAMAGES

30.

The Defendant's actions have caused the Plaintiff to suffer substantial past, present, and future wage loss, and loss of earnings capacity, loss of enjoyment of her personal and professional lives, damage to her personal and professional reputations, and mental and emotional anguish and distress.

## JURY DEMAND

31.

The Plaintiff respectfully demands a trial by jury on all issues.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF, LISA D. PIKE, RESPECTFULLY PRAYS** for judgment against the Defendant Office of Alcohol and Tobacco Control of the Louisiana Department of Revenue as follows:

a. For a declaratory judgment finding that the defendant, because of the actions described hereinabove, violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq,* more specifically 42 U.S.C. §§ 12112 and 12203 and La. R.S. 23:323(A) and La. R.S. 23:323 (B) (1) and (2);

b. That the Plaintiff be reinstated as an employee of the Defendant in the same or similar position with the same or similar pay and benefits to that from which she was wrongfully terminated or be awarded front pay with the restoration of full seniority rights and all other benefits retroactive to the date of discharge;

6

c. That the Plaintiff be awarded all wages, salary, fringe benefits, and other compensation lost as a result of defendant's unlawful conduct in an amount to be determined by the jury;

d. Ordering the Defendant to pay unto the Plaintiff such compensatory damages as are determined by the jury;

e. That the Plaintiff be awarded reasonable attorney's fees, litigation expenses and costs;

f. That the Plaintiff be awarded other and further relief as the Court deems just and appropriate.

Respectfully submitted;

SMITH LAW FIRM

J. Arthur Smith, III (La. Bar 07730)
830 North Street
Baton Rouge, Louisiana 70802
Telephone: (225) 383-7716
Facsimile: (225) 383-7773
Email: jasmith@jarthursmith.com
*Counsel for Plaintiff, Lisa D. Pike*

**PLEASE SERVE:**

**Office of Alcohol and Tobacco Control**
**Louisiana Department of Revenue**
*through*
*Louisiana Attorney General's Office*
Hon. James "Buddy" D. Caldwell
Litigation Division
1885 North 3rd St.
Baton Rouge, LA 70802

*-and-*

Tim Barfield, Secretary
Louisiana Department of Revenue
617 North Third Street
Baton Rouge, LA 70802-5428

CIVIL

☑ 01-DAMAGES                    ☐ 11-COMM. PROP. PARTITIONS
☐ 02-CONTRACT                   ☐ 12-PUBLIC SERV. COMM.
☐ 03-OPEN ACCTS SUIT            ☐ 13-OTHER PARTITIONS
☐ 04-EXEC. NOTE PROCESS         ☐ 14-OTHER
☐ 05-SUIT ON NOTES              ☐ 15-U.C.C.
☐ 06-EVICTION                   ☐ 16-
☐ 07-WORKMAN'S COMPENSATION     ☐ 17-
☐ 08-JUDICIAL REVIEW            ☐ 18-
☐ 09-PROPERTY RIGHTS            ☐ 19-
☐ 10-INJUNCTION MANDAMUS        ☐ 20-

7

2402-14-003834

# CITATION

**LISA D. PIKE**
(Plaintiff)

vs.

**OFFICE OF ALCOHOL AND TOBACCO
CONTROL OF THE LOUISIANA
DEPARTMENT OF REVENUE**
(Defendant)

**NUMBER  C631877 SECTION 26**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:  **OFFICE OF ALCOHOL AND TOBACCO CONTROL
     LOUISIANA DEPARTMENT OF REVENUE
     THROUGH
     LOUISIANA ATTORNEY GENERAL'S OFFICE
     HON. JAMES "BUDDY" D. CALDWELL
     LITIGATION DIVISION
     1885 NORTH 3RD STREET
     BATON ROUGE, LA  70802**

GREETINGS:

      Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

      You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

      This citation was issued by the Clerk of Court for East Baton Rouge Parish on **21-JUL-2014.**

_Deanna J. Mahan_
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: JOSEPH ARTHUR SMITH III**

*The following documents are attached:
**PETITION FOR DAMAGES**

---

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:    $_____
MILEAGE     $_____            _____
TOTAL:      $_____                 Deputy Sheriff
                                   Parish of East Baton Rouge

CITATION - 2402



EBR2457752

2402-14-003835

# CITATION
**(Defendant)**

LISA D. PIKE
(Plaintiff)

vs.

OFFICE OF ALCOHOL AND TOBACCO
CONTROL OF THE LOUISIANA
DEPARTMENT OF REVENUE

**NUMBER  C631877 SECTION 26**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   TIM BARFIELD, SECRETARY
      LOUISIANA DEPARTMENT OF REVENUE
      617 NORTH THIRD STREET
      BATON ROUGE, LA  70802

GREETINGS:

    Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

    You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

    This citation was issued by the Clerk of Court for East Baton Rouge Parish on **21-JUL-2014.**

*Deanna J. Mahan*
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: JOSEPH ARTHUR SMITH III

*The following documents are attached:
**PETITION FOR DAMAGES**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served
on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:      $_____
MILEAGE       $_____          _____
TOTAL:        $_____                    Deputy Sheriff
                                        Parish of East Baton Rouge

**CITATION - 2402**


EBR2457754

2402-14-003835

# CITATION
### (Defendant)

LISA D. PIKE
(Plaintiff)

vs.

OFFICE OF ALCOHOL AND TOBACCO
CONTROL OF THE LOUISIANA
DEPARTMENT OF REVENUE

NUMBER C631877 SECTION 26

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   TIM BARFIELD, SECRETARY
      LOUISIANA DEPARTMENT OF REVENUE
      617 NORTH THIRD STREET
      BATON ROUGE, LA  70802

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 21-JUL-2014.



Deanna J. Mahan
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: JOSEPH ARTHUR SMITH III

*The following documents are attached:
PETITION FOR DAMAGES

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20 ____ and on the _____ day of _____, 20 _____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20 ____

SERVICE:      $_____
MILEAGE      $_____
TOTAL:         $_____

Deputy Sheriff
Parish of East Baton Rouge

CITATION - 2402

Made government service on the below named to
LEGAL DEPARTMENT through tendering a copy of this document to
Nicole
LDR

J. Payner #0650
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

JUL 2 2 2014

FILED
JUL 23 2014
DEPUTY CLERK OF COURT

EBR2434741

EBR2457754

2402-14-003834

# CITATION

**LISA D. PIKE**
(Plaintiff)

vs.

**OFFICE OF ALCOHOL AND TOBACCO
CONTROL OF THE LOUISIANA
DEPARTMENT OF REVENUE**
(Defendant)

**NUMBER  C631877 SECTION 26**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:  **OFFICE OF ALCOHOL AND TOBACCO CONTROL
LOUISIANA DEPARTMENT OF REVENUE
THROUGH
LOUISIANA ATTORNEY GENERAL'S OFFICE
HON. JAMES "BUDDY" D. CALDWELL
LITIGATION DIVISION
1885 NORTH 3RD STREET
BATON ROUGE, LA  70802**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **21-JUL-2014.**

*Deanna J. Mahan*
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: JOSEPH ARTHUR SMITH III**

*The following documents are attached:
**PETITION FOR DAMAGES**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20___, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____

SERVICE:        $_____
MILEAGE:        $_____
                $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

**CITATION - 2402**

EBR2434742

EBR2457752

*I made department service on the below named to LEGAL DEPT. through handing a copy of this document to JUL 2 2 2014*

*Lori*

*J. Daynes #0650*
*Deputy Sheriff, Parish of East Baton Rouge, Louisiana*

**FILED**

**JUL 23 2014**

_____
**DEPUTY CLERK OF COURT**

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.:   631877                                                    DIV. 26

LISA D. PIKE

VERSUS

LOUISIANA DEPARTMENT OF REVENUE, OFFICE OF
ALCOHOL AND TOBACCO CONTROL

FILED:_____        _____
                                                            Deputy Clerk

## MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS

Defendant, Louisiana Department of Revenue, Office of Alcohol and Tobacco Control ("ATC"), moves this Court for additional time within which to prepare responsive pleadings to the Petition for Damages filed by Plaintiff, Lisa D. Pike.  Under La. Code of Civil Proc. art. 1001, ATC would be required to file an answer or other responsive pleadings within fifteen days after service of citation upon it, or by Wednesday, August 6, 2014.

Due to the nature of the case and allegations made by Plaintiff, ATC respectfully requests additional time to answer or otherwise file responsive pleadings to the petition.  ATC desires an extension of time of thirty (30) days or until September 5, 2014, within which to prepare and file responsive pleadings to the petition.  This is the first extension requested by ATC.

Respectfully Submitted,

Renée G. Culotta (La. Bar No. 24436)
Mary E. Jeanfreau (La. Bar No. 35183)
1100 Energy Centre, Suite 3700
New Orleans, LA  70163
Telephone: 504-599-8000
Facsimile: 504-599-8100
Email: rculotta@frilot.com
Email: ljeanfreau@frilot.com

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.:  631877                                    DIV. 26

LISA D. PIKE

VERSUS

LOUISIANA DEPARTMENT OF REVENUE, OFFICE OF
ALCOHOL AND TOBACCO CONTROL

FILED:_____        _____
                                                      **Deputy Clerk**

**ORDER**

Considering the foregoing Motion for Extension of Time;

**IT IS ORDERED** that defendant, Louisiana Department of Revenue, Office of Alcohol

and Tobacco Control, be and is hereby granted an extension of time of thirty (30) days, or until

September 5, 2014, within which to file responsive pleadings to the petition filed by Plaintiff,

Lisa D. Pike.

Baton Rouge, Louisiana, this ___ day of _____, 2014.

_____
**J U D G E**

<u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I have served upon all known counsel of record the Motion for Extension of Time to File Responsive Pleadings, via facsimile and United States mail, first class postage prepaid this ___ day of August, 2014.

_____